IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUSTIN BODKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-543-D |
| | ) |
| COFFEYVILLE RESOURCES CRUDE | ) |
| TRANSPORTATION, LLC; and CVR | ) |
| ENERGY, INC., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Plaintiff's Motion to Dismiss [Doc. No. 12]. Plaintiff seeks to dismiss this action without prejudice, pursuant to FED. R. CIV. P. 41(a)(2). Defendants Coffeyville Resources Crude Transportation, LLC (Coffeyville) and CVR Energy, Inc. (CVR) oppose Plaintiff's motion [Doc. No. 13] and request that the Court either dismiss Plaintiff's action with prejudice or impose conditions on any subsequent refiling of Plaintiff's action.

"Dismissal under Rule 41(a)(2) is within the sound discretion of the court." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993); *see Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005). A district court may allow a plaintiff to dismiss an action "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). "When considering a motion to dismiss without prejudice, the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." *Clark*, 13 F.3d at 1411 (internal quotation and citation omitted). Relevant factors "include: the opposing party's effort and

1

expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

Plaintiff seeks voluntary dismissal because, after filing this action, Plaintiff was notified by his employer that the employer may be liable for some or all of Plaintiff's claims against Defendants pursuant to an indemnification agreement. Plaintiff has a good relationship with his employer and requests dismissal of this action to maintain that relationship. The Court finds that Plaintiff has sufficiently explained his request for a dismissal.

Defendants claim that they would be prejudiced if the Court dismisses Plaintiff's action without prejudice. Defendants first argue that the one-year savings statute, 12 Okla. Stat. § 100, would essentially extend the relevant statute of limitations from two to three years due to Plaintiff's "delay" in not filing this action until three days before the statute of limitations had expired. The Court disagrees. There is no prejudice in filing an action near the end of a limitations period, and the savings statute's explicit purpose is to allow a party one year to refile after a dismissal without prejudice.

Although Defendants also argue that counsel has spent time and incurred expense on removing this action, preparing Coffeyville's Answer [Doc. No. 10], and drafting CVR's pending Motion to Dismiss [Doc. No. 11], there is no indication that defense counsel has expended significant time and effort preparing for trial. At this early stage of litigation, Defendants will not be unduly prejudiced by a dismissal without prejudice to refiling.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss [Doc. No. 12] is **GRANTED**, and Plaintiff's causes of action are dismissed without prejudice. Defendant CVR Energy, Inc.'s Motion to Dismiss [Doc. No. 11] is **DENIED** as **MOOT**. A separate judgment will be entered.

**IT IS SO ORDERED** this 11th day of September11th , 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge